HOFFMAN v. PETER JUDLIN, INC.

———

(May 11, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)

———

Titche, Kiam & Titche and Robert D. Samsot, of New Orleans, attorneys for plaintiff, appellee.

Spearing, McConnell & McClendon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This litigation results from an intersectional collision at the corner

of Iberville and Villere streets in New Orleans. George J. Hoffman, owner of one of the automobiles concerned, received injuries and filed this suit. Prior to trial, however, the said Hoffman died from causes apparently in no way growing out of the accident and, as parties plaintiff, there were substituted his widow, individually and as natural tutrix of her three minor children.

The district court rendered judgment in favor of plaintiffs in the sum of $247 and defendant has appealed.

The said Hoffman was driving his Ford automobile on Iberville street in the direction of Lake Pontchartrain. Defendant's large motortruck, driven by one of its employees, was on its way up Villere street.

Iberville parallels and is one block below Canal street. Villere street crosses Canal and Iberville and is a "one-way" street between those two streets, traffic thereon in that one block being limited to vehicles proceeding downtown, so that defendant's truck, which was on its way uptown, should have turned in to Iberville street. The driver thereof says that such was his intention, but that just as he commenced to make the turn to his left he realized that Hoffman's car, which was approaching from his left at an undiminished speed, could not be stopped and he states that he, therefore, instantaneously decided to proceed straight across Iberville street in an effort to complete the crossing before the Hoffman car could crash into the side of the truck.

While there is presented to some extent an interesting question involving the interpretation of certain sections of the traffic ordinance regarding the right of way, the serious and determining point is one of fact, i. e.: Did the truck strike the Ford or was it struck by it after it had pre-empted the crossing?

On behalf of plaintiffs it is contended that the truck was proceeding at an excessive speed; that the chauffeur thereof intended driving against traffic on Villere street from Iberville to Canal street and that after the Ford entered the intersection the truck crashed into its right side and turned it completely around.

Defendant asserts that the truck had the superior right under the ordinance, to which we shall hereafter refer, and that in spite of this the Ford dashed into its left side near the rear, the driver of the Ford being responsible for the resulting damage.

We think that the most significant physical fact is that the left front fender of the Ford was damaged and not the right. True, there is some dispute over the location of this damage, but the record leaves the impartial reader firmly convinced that no damage was sustained by the Ford on its right side and that its left front fender received the brunt of the impact.

This would have been impossible had the truck crashed into it after it had preempted the intersection and makes it certain that the damage was sustained when the driver of the Ford, who admittedly up to that time had not seen the truck, suddenly noticed it directly in his path and swerved his car to the right in an instinctive effort to pass around the rear. Only in this way could the left-front fender have received the damage and only in this way could the right fender have remained uninjured. This physical fact corroborates

the testimony of defendant's witnesses and tends to contradict Mr. Hoffman, who, in other particulars, is shown to have been somewhat inaccurate. For instance, he stated that he was unconscious for ·three-quarters of an hour after the accident and that his car had to be pulled home by another automobile, whereas the record conclusively shows that he left the scene of the accident to try to find a representative of defendant and that thereafter he drove the car home himself.

If, then, the truck had pre-empted the intersection, it was the duty of the driver of the other vehicle to afford it the opportunity of proceeding, regardless of which vehicle might have been entitled to the right of way under the traffic ordinance. Vance v. Poree, 5 La. App. 109; Item Co. v. Checker Cab Co., 9 La. App. 397, 120 So. 509.

It is contended by plaintiffs that since the truck was required to turn at that corner it was negligence for the driver thereof to enter the intersection at ·a speed in excess of five miles per hour, since that is the maximum speed permitted to vehicles turning into intersecting streets by sub-paragraphs (a) and (b) of paragraph 2 of article 2, section 1, of ordinance No. 7490, C. C. S.

It appears to us probable that the driver of the truck was at fault in this particular, but that violation would not relieve the driver of the other vehicle of the duty of exercising care and would not give a right of recovery to those claiming through him if his negligence as set forth contributed in causing the accident.

Had Villere street above Iberville street not been a one-way street and had it been legally permissible for the truck to continue up that street, the truck, of course, would have been entitled to the right of way, since it had approached the intersection from the right of the other car. See paragraph 7 of article 1, section 1, ordinance No. 7490, C. C. S. However, it was not the purpose of the truck, according to the driver, to cross Iberville street, but to turn into it, and it is argued on behalf of plaintiffs that in such a situation paragraph 7 referred to has no application and that the right of way should be afforded to the vehicle which does not intend to turn.

Whether the truck had the right of way is, as we have stated, an interesting question academically, but is of no practical importance here in view of our conclusion already announced.

In view, then, of the fact that the negligence of Hoffman himself contributed to the unfortunate result, there can be no recovery.

That the driver of defendant's truck had lost the sight of his left eye and that defendant, in spite of this, permitted him to operate the truck is not of itself proof of negligence, since it is not shown that the physical condition of the said driver had any causal connection with the collision. 64 A. L. R. Annotated, 1929, page 132; Emile Wilson v. Emile Bittner, 129 Or. 122, 276 P. 268, 64 A. L. R. 132; Campbell v. Walker, 1 Boyce (Del.) 580, 76 A. 475.

The judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant and against plaintiffs, dismissing their suit at their cost.